UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM KELLEY, *Pro Se*, | ) | Case No.: 5:10 CV 731 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH SMITH, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On April 8, 2010, Petitioner William Kelley, *Pro Se* ("Petitioner" or "Kelley") filed a

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner initially

alleged five grounds for relief, but after his request to amend was granted in part, the fifth ground

was restated and two additional grounds were added.  Ultimately, Petitioner alleged the following

seven grounds for relief:

> Ground One: "Conviction Obtained By use of evidence gained
> Pursuant to an unconstitutional search and seizure. Conviction
> Obtained by use of Evidence Obtained Pursuant to unlawful arrest."
>
> Ground Two: "Conviction obtained By a violation of the privelege
> [sic] Against Self-Incrimination."
>
> Ground Three: "Conviction obtained By Use of Coerced Confession."
>
> Ground Four: "Failure to Disclosure [sic] Exculpatory Evidence And
> Afford Compulsory Process to Present A Defense And Failing to

Afford Petitioner Compulsory Process To Procure Witnesses For His Defence [sic]."

Ground Five: "CONVICTION OBTAINED BY USE OF EVIDENCE OBTAINED PURSUANT TO UNLAWFUL ARREST."

Ground Six: "CONVICTION OBTAINED BY ACTION OF A GRAND OR PETIT JURY WHICH WAS UNCONSTITUTIONALLY SELECTED AND IMPANELED."

Ground Seven: "CONVICTION OBTAINED BY AN UNCONSTITUTIONAL STATUTE, AND DEFECTIVE INDICTMENT."

(*Id*. at 4-5; Mot. to Amend at 13-17, ECF No. 7.)  Petitioner has also requested an evidentiary hearing to more fully develop his claims of ineffective assistance of appellate counsel in order to demonstrate cause to excuse the various procedural defaults.

This case was referred to Magistrate Judge William H. Baughman for preparation of a report and recommendation.  The Magistrate Judge issued his Report and Recommendation ("R&R") on December 1, 2011, recommending that final judgment be entered in favor of the Respondent and that Kelley's Petition be dismissed. (ECF No. 39.)  Specifically, the Magistrate Judge found that all grounds, Grounds One through Seven, in Kelley's Petition are procedurally defaulted, and Kelley failed to show cause to excuse these defaults as required by the Sixth Circuit in *Maupin v. Smith*, 285 F.2d 135, 138 (6th Cir. 1986).  (*Id*. at 22-29.)  Since he had not demonstrated cause, the court did not need to consider the issue of prejudice. Without a showing of cause and prejudice to excuse a procedural default, the court cannot review the merits of the claim.

In the alternative, if Ground Four was fairly presented, the Magistrate Judge recommended finding that the decision of the state appeals court was not an unreasonable application of clearly established federal law.  (*Id*. at 28.)  The Magistrate Judge also recommended that no evidentiary

hearing be held because Petitioner's ineffective assistance of counsel claim was procedurally

defaulted.  (*Id*. at 15, 17, 29.)

Petitioner filed an objection to the R&R ("Objection") on January 25, 2012.  (ECF No. 43.)

Petitioner raised the following objections:

> ***OBJECTION**: IT IS CLEARLY ERRONIOUS [sic] AND CONTRARY TO CLEARLY ESTABLISHED LAW FOR A FEDERAL FIDUCIARY [sic] TO ACT IN CONCERT WITH STATE OFFICIALS IN THE RENDITION OF HIS DUTIES AS A FEDERAL OFFICIAL, IN EXECUTING THE FEDERAL GOVERNMENTS [sic] POWER OVER THE STATES, TO FALSELY ACCUSE PETITIONER OF FILING HIS HABEAS PETITION BEFORE THE DISPOSITION OF HIS MOTION FOR LEAVE TO APPEAL TO THE OHIO SUPRIME [SIC] COURT. THE DISPOSITION OF THE MOTION FOR LEAVE TO APPEAL WAS ON MARCH 24, 2010, AND NOT MAY 24, 2010.
>
> ***OBJECTION**: IT IS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW FOR A FEDERAL FIDUCIART [sic] TO ACT IN CONCERT WITH STATE OFFICIALS IN MANIPULATING THE FORM AND PROCEDURE IN WHICH PETITIONER PRESENTED HIS PROPOSITIONS OF LAW TO THE OHIO SUPREME COURT, FOR THE FACT THAT THERE WAS NEVER A DEFAULT TO BEGIN WITH.
>
> ***OBJECTION**: WHERE A HABEAS PETITION SETS FORTH SPECIFIC AND DETAILED FACTUAL ASSERTIONS, THAT IF TRUE, WOULD ENTITLE THE PETITIONER TO RELIED, THE COURT MUST ENSURE FULL DEVELOPMENT OF THE RELEVANT FACTS.
>
> ***OBJECTION**: FIRST IT WAS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAWS AND RULES FOR MAGISTRATE TO DENY PETITIONERS [sic] AUG. 08, 2011, MOTION 'TO EXPAND THE RECORD' PURSUANT TO HABEAS RULE SEVEN, IN WHICH HE MOVED THE COURT TO SUPPLEMENT THE RECORD WITH THE CORRECT REBUTTAL OF REBUTTAL OF TRUTH 'VIA' CITATIONS TO STATE COURT RECORD IN HIS TRAVERSE, AND APPENDIX IN SUPPORT THEREOF.

*__OBJECTION__: SECOND IT WAS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAWS AND RULES FOR MAGISTRATE TO DENY PETITIONERS [sic] JANUARY 4, 2011, MOTION TO COMPEL STATE TO 'FURNISH MISSING PORTIONS OF STATE COURT RECORD'; AND PETITIONERS [sic] AUGUST 08, 2011 MOTION TO EXPAND PURSUANT TO HABEAS RULE SEVEN, IN WHICH HE MOVED THIS COURT TO REQUIRE STATE TO 'FURNISH MISSING PORTIONS OF STATE RECORD, THAT SHOULD HAVE BEEN APPENDED TO STATES [sic] ANSWER, TO ENSURE FULL DEVELOPMENT OF RELEVANT FACTS.

*__OBJECTION__: PETITIONER OBJECTS TO THES [sic] ALLEGATION ['MAGISTRATE ALLEGES THAT PETITIONER HAS PRESENTED A NEW GROUND FOR RELIEF BY RECASTING HIS INITIALLY ASSERTED SEARCH AND SEIZURE ISSUE INTO A TWO PART CLAIM WITH AN ADDITIONAL CLAIM OF EQUAL PROTECTION DISCRIMINATION'] ON THE GROUNDS THAT THE ESSENCE OF PETITIONERS [sic] GGROUND [sic] FOR RELIEF IS AND ALWAYS HAS BEEN AN ILLEGAL SEIZURE IN WHICH PETITIONER WAS UNLAWFULLY INTERROGATED AND TARGETED BY STATE OFFICIALS BECAUSE OF HIS RACE, RESULTING IN THE SAME STATE OFFICIALS BIASLY [sic] UTILIZING CLOTHES SEIZED FROM PETITIONER ON MARCH 31, 2008 AGAINST CLOTHES SEIZED FROM CO DEFENDANT [sic] SEVERAL DAYS LATER: AND FABRICATING STATEMENTS OBTAINED FROM PETITIONER THROUGH A TWO AND A HALF HOUR UNLAWFUL INTERROGATION WITHOUT MIRANDA WARNINGS, TO CONTRIVE A CONVICTION OF PETITIONER UNDER FALSE PRETENSES. INFRINGING UPON HIS FOURTH, FIFTH, AND FOURTEENTH AMEND. RIGHTS.

*__OBJECTIVE [sic]__: PETITIONER OBJECTS TO [Magistrate falsely accusing him of 'ATTEMPTING TO STATE AN ARGUMENT OF INEFFECTIVE ASSISTANCE OF COUNSEL TO EXCUSE PROCEDURAL DEFAULTS CLAIMED BY THE STATE, THAT IF DID EXIST, WAS THE FAULT OF THE ATTORNEY ASSIGNED BY STATE WHO DELIBERATELY FILED NONMERITORIOS [sic] CLAIMS AGAINST PETITIONERS [sic] WISHES IN FAVOR OF THE U.S. CONSTITUTIONAL CLAIMS WHICH SIT BEFORE THE COURT NOW'] FOR LTHE [sic] SAME REASONS

DESCRIBED IN PGS. (4) THRU (8) OF THIS INSTANT 'OBJECTION TO MAGISTRATES R AND R.' [sic]

\***OBJECTION**: IT WAS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW FOR MAGISTRATE TO NOT RECOMMEND THAT THE WRIT ISSUE OR AN ALTERNATIVE EVIDENTIARY HEARING BE CONDUCTED ON THESE GROUNDS ALONE, DUE TO FACT THAT **ANAMBIGUOUS** [sic], **POTENTIALLY ERRONEOUS INSTRUCTION** VIOLATES THE CONSTITUTION WHEN THERE IS A REASONABLE LIKLIHOOD [sic] THAT THE JURY HAS APPLIED THE INSTRUCTION IMPROPERLY.

\***OBJECTION**: WHILE IT IS TRUE THAT PROSECUTING OFFICIALS PRESENTED THE **'CONSTITUTIONALLY INFIRM EVIDENCE'** 'VIA' EXPERT TESTIMONY, CRIME LAB REPRESENTATIVE TO BE EXACT. THE ESSENCE OF GROUND ONE FOR RELIEF IS AS DESCRIBED ABOVE, WHETHER PROSECUTING OFFICIALS BIASLY [sic] USED EVIDENCE GAINED PURSUANT TO AN ILLEGAL **FOURTH AMEND. SEIZURE,** AND IN VIOLATE OF LTHE [sic] **FOURTEENTH AMENDS. EQUAL PROTECTION** AND **DUE PROCESS OF LAW PROHIBITIONS**, ([sic] CRIMELAB REPRESENTATIVES WERE NOT RESPONSIBLE FOR VIOLATIONS, THE VIOLATIONS WERE RESULT OF THE **'KNOWINGLY AND WILLINGLY'** USE OF THE CONSTITUTIONALLY INFIRM EVIDENCE BT [sic] THE PROSECUTING OFFICIALS, TO CONTRIVE CONVICTION OF PETITIONER.

\***OBJECTION**: IT WAS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW FOR MAGISTRATE TO ACT IN CONCERT WITH STATE OFFICIALS, IN THE RENDITION OF HIS DUTIES, AND IN EXECUTING THE FEDERAL GOV. POWER STATES, IN RECOMMENDING THAT GROUND ONE IS PROCEDURALLY DEFAULTED AND PROPERLY SUBJECT TO DISMISSAL [for the reasons stated in the R &R].

\***OBJECTION**: IT IS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAWS AND RULES FOR MAGISTRATE TO RECOMMEND THAT GROUND TWO IS PROCEDURALLY DEFAULTED AND PROPERLY SUBJECT TO DISMISSAL FOR SAME REASONS CITED IN PETITIONERS [sic] GROUND ONE.

\***OBJECTION**: IT WAS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAWS AND RULES FRO [sic] MAGISTRATE TO RECOMMEND THAT GROUND THREE BE PROCEDURALLY DEFAULTED AND PROPERLY SUBJECT TO DISMISSAL FOR THE SAME REASON CITED IN PETITIONERS [sic] ANALYSIS IN GROUND ONE.

\***OBJECTION**: IT WAS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAWS AND RULES FOR MAGISTRATE TO RECOMMEND THAT GROUND FOUR IS PROCEDURALLY DEFAULTED FOR LACK OF FAIR PRESENTMENT AS A FEDERAL CLAIM TO THE OHIO COURT, FOR SAME REASONS CITED IN PETITIONERS [sic] GROUND ONE.

\***OBJECTION**: IT IS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW FOR MAGISTRATE TO RECOMMEND THAT THE OHIO APPELLATE COURTS [sic] CECISION [sic] WAS NOT AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW FOR [the reasons stated in the R&R].

\***OBJECTION**: IT IS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAWS AND RULES FOR MAGISTRATES [sic] RECOMMENDING THAT THIS GROUND SIX BE PROCEDURALLY DEFAULTED FOR SAME REASONS CITED IN PETITIONERS [sic] GROUND ONE.

\***OBJECTION**: IT IS CLEARLY ERRONEOUS AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAWS AND RULES FOR MAGISTRATE TO RECOMMEND THAT THIS GROUND SEVEN BE PROCEDURALLY DEFAULTED FOR THE SAME REASONS CITED IN PETITIONER'S GROUND ONE.

\***OBJECTION**: PETITIONER OBJECTS TO THE MAGISTRATES [sic] CONCLUSION.

(*Id*. at 2-27.)  The court finds none of Petitioner's Objections to be well-taken. Several of

Petitioner's arguments are in regard to previous rulings by the Magistrate Judge on Petitioner's

motions to expand the record.  However, as Magistrate Judge Baughman indicated in his Order

denying Petitioner's motions, Petitioner has not shown how the granting of those motions would

-6-

assist him in overcoming the claimed procedural defaults, since any information that he would gain would be in regard to the merits of his claims, which have been procedurally defaulted. (ECF No. 38.)  The rest of Petitioner's objections assert that the Magistrate Judge erred in making his recommendations and primarily seek to argue the merits of Petitioner's grounds for relief. However, Petitioner fails to demonstrate cause and prejudice to excuse his procedural defaults, and therefore, the merits of his Petition cannot be considered.  Petitioner's arguments that his counsel was ineffective or that he presented his claims to the Ohio Supreme Court does not change this result.  Arguments regarding ineffective assistance of counsel do not cure the default because Petitioner failed to diligently develop his ineffective assistance of counsel allegation in the proper Ohio court in a timely manner.  He did not raise this claim on direct appeal, and did not move to reopen his appeal under Ohio Appellate Rule 26(B).  Petitioner's claims that may have been presented to the Ohio Supreme Court are procedurally defaulted because he failed to present them to the Ohio Court of Appeals, which prevented the Ohio Supreme Court from reviewing them. Therefore, this also does not cure his default.

Petitioner filed two Motions after the R&R was issued.  He filed a Motion to Compel State Court to Furnish Missing Portions of Court Record (ECF No. 42) and a Motion for Appointment of Counsel (ECF No. 46).  In his Motion to Compel, Petitioner requests police reports, court exhibits, and codefendant's statements, which he asserts relate to the merits of his first, second, third and fourth grounds for relief.  However, as discussed above, Petitioner has not shown how the granting of those motions would assist him in overcoming the claimed procedural defaults, since any information that he would gain would be in regard to the merits of his claims, which have been procedurally defaulted.  Therefore, this Motion is denied as moot.

Petitioner requests appointment of counsel under Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases.  Those rules refer to the appointment of counsel if an evidentiary hearing is granted or appointment of counsel if necessary for effective discovery.  Because Petitioner's ineffective assistance of counsel claim is procedurally defaulted, no evidentiary hearing needs to be conducted and therefore, there is no need for the appointment of counsel to represent him for this purpose.  Since all of Petitioner's claims are procedurally defaulted, discovery is unnecessary, and an attorney is also unnecessary on this basis.  Therefore, Petitioner's Motion for Appointment of Counsel is denied.

After carefully reviewing the R&R, Petitioner's Objections, and all other relevant materials, the court finds that the Magistrate Judge's conclusions in regard to Grounds One through Three and Five through Seven, are fully supported by the record and controlling case law.  The court finds that Grounds One through Three and Five through Seven are procedurally defaulted, and Kelley has not demonstrated cause to excuse these defaults. Accordingly, the court adopts as its own the Magistrate Judge's R&R in this regard.  (ECF No. 39.)

The court also adopts the Magistrate Judge's findings regarding Ground Four.  In Ground Four, Petitioner essentially argued that, "the prosecution permitted the cremation of the victim's body when Kelley wanted it for an additional autopsy (withholding of exculpatory evidence) and, further, that the trial court refused to allow testimony of defense experts as to alternative causes of death." (*Id*. at 26.)  The Magistrate Judge found that the first aspect of Petitioner's claim, regarding cremation, was not presented to the Ohio courts, and the second part, regarding defense experts, was not presented to the Ohio appeals court as a federal constitutional issue, but only as an abuse of discretion/state law issue.  (*Id*.)  Therefore, the Magistrate Judge recommended finding that Ground

-8-

Four was procedurally defaulted because it was not fairly presented to the Ohio courts and Petitioner has not demonstrated cause to excuse this default. In the alternative, if fairly presented, the Magistrate Judge recommended denying Ground Four because the decision of the Ohio appeals court was not an unreasonable application of clearly established federal law. The Ohio appeals court found that the trial court did not abuse its discretion in denying Petitioner's expert the right to testify as to the conclusions to be drawn from an autopsy report, and because the opinion anticipated from this expert was similar to an opinion already given by another expert, any error would have been harmless. (*Id*.) The court adopts the Magistrate Judge's reasoning and finds that the first part of Petitioner's claim was procedurally defaulted and he has not demonstrated cause to excuse this default. The court also adopts the Magistrate Judge's reasoning regarding the second part of Petitioner's claim, and finds it was procedurally defaulted because he did not present his claim to the Ohio courts as a federal constitutional issue. Petitioner has not demonstrated cause to excuse this default. However, to the extent it may be construed that his claim was fairly presented, the decision of the Ohio appeals court was not an unreasonable application of clearly established federal law, and the court also adopts the Magistrate Judge's reasoning in this regard. Therefore, the court adopts as its own the Magistrate Judge's R&R in its entirety.

Consequently, Kelley's Petition is hereby dismissed because Grounds One through Seven are procedurally defaulted and final judgment is hereby entered in favor of Respondent. In addition, Kelley's request for an evidentiary hearing is denied. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

April 30, 2012