IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| WILLIAM KELLEY, | ) | CASE NO. 5:10 CV 731 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEITH SMITH, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |


## Introduction

Before me by referral[1] is a motion under Rule 60(b)(6) by *pro se* petitioner William

Kelley[2] seeking relief from this Court's April 30, 2012, judgment dismissing his petition for

habeas relief.[3] The State has responded in opposition,[4] and Kelley has replied to that

opposition.[5] For the reasons that follow, I will recommend that Kelley's motion be denied.

---

[1] This matter was referred to me by United States District Court aChief Judge
Solomon Oliver, Jr. in a non-document order dated March 4, 2012.

[2] ECF # 52.

[3] ECF # 48.

[4] ECF # 53.

[5] ECF #s 55 and 56.

## Facts

Kelley filed this motion approximately one month after the Sixth Circuit denied his application for a certificate of appealability of the dismissal of his habeas petition.[6] In the motion for relief from judgment, Kelley appears to make four arguments:

- First, because no Ohio court ever dismissed or denied any allegedly federal constitutional claim with a "plain statement" that Kelley had not followed any state procedural rule, this Court had no basis to now preclude federal habeas review of those claims under the procedural default standard;[7]

- Second, a claim of ineffective assistance of appellate counsel – which excuses the failure to present claims to the appeals court – was properly raised in a direct appeal to the Ohio Supreme Court;[8]

- Third, the Ohio Supreme Court's reason for refusing to allow his appeal – that the matter did not involve a substantial constitutional question – should be understood as the Ohio Supreme Court reaching the merits of the federal constitutional claims and then concluding that the claims were without merit;[9]

- Fourth, that he is "factually innocent" and so the claims may be addressed by this Court notwithstanding a procedural default.[10]

In response the State contends initially that Kelley's motion is not a subsequent petition for habeas relief because it "attack[s] this Court's application of a procedural default

---

[6] ECF # 51.

[7] ECF # 52 at 4-5.

[8] *Id.* at 5-6.

[9] *Id.* at 7-9.

[10] *Id.* at 10-16.

bar [to Kelley's original habeas petition]" and does not raise new claims.[11] Next, the State

presents the following arguments against the motion on the merits:

- There is no requirement that the last Ohio court that issued an opinion make a plain statement that a procedural Rule is violated when, as here, the claim was never presented to that court.[12] Rather, the federal court may rely on Ohio's "mandatory rule" that issues not presented to the appeals court will not be considered by the Ohio Supreme Court.[13]

- Under the Ohio Supreme Court's rules of practice, "the denial of leave to appeal based on the lack of a substantial constitutional question means that the court declined the appeal and did not decide the merits."[14] Thus, the Ohio Supreme Court's denial of Kelley's leave to appeal in exactly those terms does not invalidate this Court's finding of a procedural default.[15]

- Kelley's claim of actual innocence is not supported by any new evidence not available at the time of trial.[16]

As noted, Kelley has replied to the State's opposition.[17]

---

[11] ECF # 53 at 3.

[12] *Id.* at 3-4.

[13] *Id.* at 4.

[14] *Id.* at 5.

[15] *Id.*

[16] *Id.* at 5-7.

[17] Kelley had asked for additional time within which to file a reply. ECF # 54. Before receiving a ruling on that motion, Kelley filed two replies. ECF #s 55 and 56. I denied the motion as moot (ECF # 57) and have considered the replies in preparing this report and recommendation.

-3-

## Analysis

**A.  Standards of review**

*1.  Rule 60(b)*

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a prior judgment "only for certain specified reasons."[18] Specifically, the Rule provides in pertinent part as follows:

> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)   the judgment is void;
>
> (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)   any other reason that justifies relief.

Where the motion is made under subsection (b)(6)'s catch-all provision for relief on the basis of "any other reason that justifies relief," such a provision must be understood as

---

[18] *Harris v. Potter*, No. 1:07-CV-3882, 2013 WL 309890, at *1 (N.D. Ohio Jan. 25, 2013).

being applicable only in "unusual and extreme situations where principles of equity *mandate* relief."[19]

Rule 60(b) applies in habeas proceedings "only to the extent that [it is] not inconsistent with" applicable federal statutes and rules.[20] Courts must examine if the filing of a Rule 60 (b) motion is actually a "second or successive" petition for habeas relief, which is governed by – and in most cases barred from consideration by – 28 U.S.C. § 2244(b).[21]

Under that "gatekeeping provision," a claim presented in a second or successive petition for habeas relief that was previously included in a federal habeas petition must be dismissed, while a claim that was not previously presented must also be dismissed unless it relies upon either a new and retroactive Rule of constitutional law or new facts showing a high probability of actual innocence.[22] If a filing is a "second or successive" petition, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[23]

---

[19] *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)) (emphasis in original).

[20] 28 U.S.C. § 2254 Rule 11.

[21] *Post v. Bradshaw*, No. 1:97 CV 1640, 2012 WL 5830468, at *6 (N.D. Ohio Nov. 15, 2012).

[22] 28 U.S.C. § 2244(b)(2).

[23] 28 U.S.C. § 2244(b)(3)(A).

Practically speaking, if the petition is originally filed in the district court and that court finds it to be a second or successive habeas petition, the district court should transfer the petition to the appeals court for a determination of whether it should be authorized, rather than dismissing it outright.[24] The appeals court may then authorize the filing if it determines that the application "makes a prima facie showing that the application satisfies the requirements of this subsection."[25]

Thus, the threshold issue before any district court when considering a Rule 60(b) motion in the context of a judgment on a habeas petition is whether the motion is properly asserted under that rule, in which case the court has jurisdiction to consider it, or whether it is actually a second or successive petition for habeas relief, in which case the filing is subject to the requirements of 28 U.S.C. § 2244(b), and the district court does not have jurisdiction.[26]

The United States Supreme Court has addressed the interplay of Rule 60(b) and § 2244(b) in *Gonzalez v. Crosby*.[27] In *Gonzalez*, the Supreme Court stated the general Rule that a filing is a second or successive petition for habeas relief when it contains one or more claims, as that term is understood by the AEDPA,[28] and that Rule 60(b) applies when

---

[24] *Post*, 2012 WL 5830468, at *6 (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

[25] *In re Bowling*, 422 F.3d 434, 436 (6th Cir. 2005).

[26] *In re Smith*, 690 F.3d 809 (6th Cir. 2012); *Post*, 2012 WL 5830468, at *6.

[27] *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

[28] *Id.* at 530.

the motion does not attack the substance of the prior resolution of the habeas petition but rather questions "some defect in the integrity of the federal habeas proceedings."[29]

As to whether the motion advances new claims, *Gonzalez* teaches that seeking to add a new ground for relief "will of course qualify."[30] But, *Gonzalez* further states, a motion will also be found to bring a "claim" and so constitute a second or successive petition when "it attacks the federal court's previous resolution of the [habeas] claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is ... entitled to habeas relief."[31]

In this regard, *Gonzalez* specifically noted that a purported Rule 60(b) motion is actually a second or successive petition when it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied."[32] But *Gonzalez* also stated that a petitioner is not making a second or successive petition for habeas relief when "he merely asserts that a previous ruling which precluded a merits determination was in error – such as for reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[33] Or, as *Gonzalez* later stated:

---

[29] *Id.* at 533-34.

[30] *Id.* at 531.

[31] *Id.* at 532.

[32] *Id.* at 531.

[33] *Id.* at 532 n.4.

[A] Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).[34]

## 2.      *Actual innocence*

A petitioner who cannot excuse a procedural default by showing cause and prejudice may still obtain federal habeas review of the defaulted claims if he can show through new evidence that his case fits within a narrow class of cases where a constitutional violation has probably resulted in a conviction of one who is actually innocent.[35] A petitioner claiming actual innocence must show, in light of new and reliable evidence that was not presented at trial, that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.[36]

Actual innocence means "factual innocence, not mere legal insufficiency."[37] Moreover, the petitioner must show actual innocence as to those counts that were dismissed during plea bargaining.[38]

---

[34] *Id.* at 538.

[35] *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

[36] *Schlup v. Delo*, 513 U.S. 298, 324-27; *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004).

[37] *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also*, *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006).

[38] *Bousley*, 523 U.S. at 624.

Finally, a showing of actual innocence is merely a "gateway" that permits review of the petitioner's underlying constitutional claims.[39] The Sixth Circuit does not recognize the existence of a free-standing actual innocence claim.[40]

**B.      Application of standards – Kelley's motion should be denied**

*1.      This motion is properly filed under Rule 60(b) and should not be construed as a second or successive habeas petition.*

I note first that Kelley's arguments that (1) a different legal meaning should have been given to the reason the Ohio Supreme Court denied his leave to appeal, and (2) it was error to find procedural default where the state court had not explicitly based a decision on a violation of state procedure, all clearly seek relief from purported "defects in the integrity of the federal habeas proceeding," specifically, an allegedly improper finding of procedural default, and thus do not involve the merits of his claims for relief. Similarly, his actual innocence argument, as is the case with the prior arguments, is directed to excusing the procedural default found by this Court, and, as such, is plainly permitted by *Gonzalez* to be raised in a Rule 60(b) motion.

Therefore, applying the relevant law to the present motion, I recommend finding that this Court has jurisdiction to address the motion as one properly filed under Rule 60(b). As the Supreme Court has clearly stated in *Gonzalez,* and as the Sixth Circuit has subsequently held in a case applying *Gonzalez* to a similar situation of a habeas petitioner seeking relief

---

[39] *Schlup*, 513 U.S. at 316.

[40] *D'Ambrosio v. Bagley*, 527 F.3d 489, 498 n.6 (6th Cir. 2008).

from a prior judgment of procedural default,[41] Kelley does not seek to re-present any prior

habeas claims on their merits, but only attacks this Court's finding that merits review was

precluded by procedural default. Accordingly, the motion is properly presented as one arising

under Rule 60(b).

**2.     *Kelley's Rule 60(b) motion should be denied.***

I will address each of Kelley's four basic arguments *seriatim.*

*a.     State court statement of reliance on violation of procedural rule*

As the State itself acknowledges, the normal basis for finding a procedural default is

that the last state court rendering a judgment made a clear, explicit statement that because a

procedural rule was violated, the state court could not proceed to the merits of the claim.[42]

But, as the State further points out, no explicit statement by the state court relying on a

procedural default is necessary or even possible when the procedural default is that the

petitioner did not present the claim to the state appeals court at all.[43] There, the federal habeas

court may "invoke an applicable state procedural bar on behalf of the state supreme court."[44]

Here, Kelley failed to present his claims to the Ohio appeals court. That court could

not make any statement about claims it never saw. But the Ohio Supreme Court has a

---

[41] *In re Gibbs*, No. 07-3956, 2008 WL 2944699 (6th Cir. 2008).

[42] ECF # 53 at 3 (citing *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

[43] ECF # 53 at 3-4.

[44] ECF # 53 at 4 (quoting *Eskridge v. Konteh,* 88 F. App'x 831, 837-38 (6th Cir. 2004)).

rule that it will not address issues not first presented to the appeals court.[45] Thus, this Court

properly applied the applicable Ohio procedural rule on behalf of the Ohio Supreme Court,

determining that Kelley's failure to first raise the issue in the Ohio appeals court constituted

a procedural default when the Ohio Supreme Court was unable to reach the merits of that

claim.

Although Kelley contends in his reply that this rule is not rigid and that the Ohio

Supreme Court reserves for itself the right to consider issues not first raised below,[46] that

exception to the general rule is limited to challenges to the constitutionality of state

statutes[47]– a situation not present here. Indeed, *Dixon* – a case relied on by Kelley –

concludes that when a petitioner's challenge to a procedural default based on his failure to

first present a claim to the Ohio appeals court does not also "present a challenge to the

constitutionality of a state statute, resolution of his claim falls back on the general Rule as

restated by Ohio's Supreme Court, '[i]t is axiomatic, ... that issues not presented for

consideration below will not be considered by this court on appeal.'"[48]

---

[45] ECF # 53 at 4 (citing *Eskridge*, 88 F. App'x at 838 n.4 (collecting cases)).

[46] ECF # 55 at 3-5.

[47] *Dixon v. Hudson*, No. 1:05CV2499, 2008 WL 540905, at *7 (N.D. Ohio 2008) (citations omitted).

[48] *Id.* (quoting *Shover v. Cordis Corp.*, 61 Ohio St. 3d 213, 220, 574 N.E.2d 457, 462-63 (1991), overruled on other grounds by *Collins v. Sotka*, 81 Ohio St. 3d 506, 692 N.E.2d 581 (1998)).

Accordingly, I recommend finding that this argument by Kelley does not provide any basis for granting a Rule 60(b) motion for relief from this Court's judgment.

b.      *Ineffective assistance of appellate counsel*

Here, Kelley argues first that he properly raised the ineffective assistance of his appellate counsel as a claim on direct appeal and not in a Rule 26(B) motion.[49] Next, he asserts that, having properly raised this claim, this Court has no basis for concluding that the claims not presented to the appeals court were procedurally defaulted, since any default is excused by the ineffective assistance of Kelley's appellate counsel in not raising the claims.[50]

I note initially that the arguments concerning Kelley's appellate counsel and any alleged ineffectiveness are extensively discussed in the original Report and Recommendation.[51] There, I noted that Kelley sought to raise this issue for the first time in his massive hand-written traverse,[52] wherein he asserted that such ineffectiveness would excuse the procedural default alleged by the State.[53]

Kelley makes much of the contention that he was entitled to raise ineffective assistance for the first time as a claim to the Ohio Supreme Court and was not required to file

---

[49] ECF # 52 at 5.

[50] *Id.* at 5-6; see also, ECF # 55 at 5-6.

[51] ECF # 39.

[52] ECF # 25 (41 pages).

[53] *Id.* at 24-26.

a Rule 26(B) application in the appeals court,[54] asserting that his claim of ineffective assistance of appellate counsel was not procedurally defaulted because "even though the petitioner defaulted the claim in his Rule 26(b) application petitioner raised the claim properly to the Ohio Supreme Court."[55]

As was fully explained in the Report and Recommendation, in this posture Kelley did not exhaust any claim of ineffective assistance of appellate counsel because – even after raising the claim directly to the Supreme Court – he might have then sought leave to file a late Rule 26(B) motion in the appeals court.[56] As the Sixth Circuit plainly stated in *Goldberg v. Maloney*,[57] "raising a claim of ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without (also) addressing the claim through Ohio Appellate Rule 26(B), does not satisfy the exhaustion requirements unless the Ohio Supreme Court addresses the issue on the merits."[58] As was further discussed in the Report and Recommendation, Kelley's claim – which was in exactly the same posture as the claim in

---

[54] ECF # 52 at 5; ECF # 55 at 5-6.

[55] ECF # 55 at 5-6.

[56] ECF # 39 at 16.

[57] *Goldberg v. Maloney*, 692 F.3d 534 (6th Cir.2012).

[58] *Id.* at 538.

*Goldberg* – was not exhausted and, because there was no good ground for filing a delayed Rule 26(B) application, it was also procedurally defaulted.[59]

Thus, because the ineffective assistance of appellate counsel claim is procedurally defaulted, it cannot serve as a cause to excuse the procedural default of not presenting issues to the state appeals court that Kelley now seeks to have this Court consider as claims for habeas relief. Most particularly, Kelley has shown nothing in his present Rule 60(b) motion that demonstrates any error in law or analysis contained in this Court's prior rulings. Indeed, as was noted, this Court's analysis was actually confirmed when the Sixth Circuit affirmed the district court's decision in *Goldberg* on which this Court relied.

c.      *Ohio Supreme Court denial language*

Similarly, I recommend finding that Kelley's contention that this Court misread or misunderstood the Ohio Supreme Court's rationale for dismissing Kelley's appeal also does not provide a basis for granting the Rule 60(b) motion. In essence, Kelley contends that the Ohio Supreme Court's dismissal of his appeal as not involving any substantial constitutional question actually operated as a decision on the merits, such as would undercut any finding of a procedural default.

As the State describes in some detail, the Ohio Supreme Court's rules of practice provide that after a jurisdictional memorandum is filed in a case where appeal is discretionary, the Ohio Supreme Court undertakes to decide whether to accept the appeal and

---

[59] ECF # 39 at 15-17. I also note that the R&R discussed the district court opinion in *Goldberg*, since, as yet, the Sixth Circuit had not yet ruled.

-14-

decide the case on the merits, or "dismiss the appeal as not involving any substantial constitutional question."[60] Plainly, in the exact language set forth in the rules of practice, the Ohio Supreme Court in this case declined to accept jurisdiction over Kelley's appeal, dismissing it prior to any consideration of the merits on the grounds that it failed to raise any substantial constitutional question.[61]

The recent Sixth Circuit decision in *Goldberg*, cited earlier, conclusively rebuts any possibility of interpreting the Ohio Supreme Court's decision to decline jurisdiction in a way favorable to Kelley. There, a state appeals court was confronted with a Rule 26(B) application alleging ineffective assistance of appellate counsel.[62] The appeals court noted that the Ohio Supreme Court had been presented with the same claim as part of the direct appeal, but had, like here, dismissed the appeal.[63] The appeals court thereupon refused to address the merits of the Rule 26(B) application, concluding that its review on the merits was barred by *res judicata* due to the decision of the Ohio Supreme Court to dismiss the appeal.[64] As the Sixth Circuit in *Goldberg* explained:

---

[60] ECF # 53 at 4 (citing Ohio Supreme Court Rules of Practice 3.6(A)(1), 3.6(B)(1)).

[61] As an additional logical support for this application of the rule, I note that this explanation is fully consonant with Ohio's rule, cited earlier, that the Supreme Court will not consider any issue not first raised to the appeals court. If Kelley's interpretation of the Supreme Court's language of dismissal were correct, the Ohio Supreme Court would be passing on the merits of a claim their own Rule forbid them to do.

[62] *Goldberg*, 692 F.3d at 537.

[63] *Id.*

[64] *Id.*

The Ohio Supreme Court disagreed, explaining that when it "determines whether or not to accept jurisdiction in a particular case, it is not rendering a decision on the merits."[65]

For these reasons, I recommend finding that Kelly's arguments as to the effect of the Ohio Supreme Court's dismissal of his appeal do not support the granting of his Rule 60(b) motion.

d.    *Actual innocence*

To demonstrate his actual innocence and so excuse any procedural default Kelley relates multiple arguments, many of which are restatements of arguments made previously in the habeas petition itself or to the Ohio courts.

As to "new" evidence, Kelley frankly states that his motion rests on representing the case so as to exclude evidence the jury saw, but which Kelley claims they should not have seen, and to include evidence that was excluded, but should not have been.[66] Kelley argues that, since the trial was nothing but a "deliberate deception" that "foreclosed his right to present a defense,"[67] the "partial" presentation of the evidence needs now to be rectified by a more complete statement.[68]

To that end, Kelley states first that the case against him "hing[es]" on the testimony of Crystal Sisson, and that her testimony should not have been believed because of a past

---

[65] *Id.* (quoting *Ohio v. Davis*, 119 Ohio St.3d 422, 894 N.E.2d 1221 (2004)).

[66] ECF # 52 at 11.

[67] *Id.*

[68] *Id.*

record of child abuse.[69] In that regard he also contends that a juror in his case stated in a local newspaper blog that if she had the choice, it would be Sisson that would be in jail, not Kelley.[70]

Kelley then maintains that the trial court "arbitrarily foreclosed" Kelley's opportunity to present testimony from medical experts who would have testified in favor of Kelley's theory of the case.[71] He also contends that the trial court precluded witnesses from testifying that they had heard Sisson tell them that she had been "coached" by detectives as to what she should say.[72] To that point Kelley now offers an "affidavit" from Delores Wiggins, who purportedly was set to testify but did not, maintaining that Wiggins had overheard a conversation between Sisson and Beverly Kelley wherein Sisson had stated that police officers repeatedly coached Sisson to say that, "'William had hit the baby – and you know it.'"[73]

Finally, Kelley makes three attacks on the physical evidence used at trial – clothing worn by Kelley that contained vomit and blood from the victim. First, Kelley asserts that the clothing was illegally seized from him.[74] Next, he argues that there was a non-criminal

---

[69] *Id.* at 12.

[70] *Id.* at 13.

[71] *Id.* at 14-15.

[72] *Id.* at 15.

[73] ECF # 52, Ex. D at 2.

[74] ECF # 52 at 16.

explanation as to why his clothes had blood and vomit from the victim (*i.e.*, Kelley was administering "rescue breathing" to the victim).[75] Finally, he suggests that Sisson's clothes may also have been stained with the victim's vomit and/or blood, but she was "given preferential treatment" to remain free from custody for several days, during which her clothes could have been cleaned.[76]

I note that most of these arguments involve the legal sufficiency of the evidence used to convict Kelley, and all of them – except for the statement by Delores Wiggins – are points known to Kelley at the time of the trial, and so are decidedly not "new" evidence of innocence. Moreover, many of these arguments here are simply restatements of Kelley's procedurally defaulted federal habeas claims.[77]

As to the "new" evidence of Wiggins's statement, the State correctly notes that it clearly is hearsay, and so would not be admissible.[78] But even if admissible, it is not clear, irrefutable evidence of Kelley's innocence but rather evidence that Sisson's testimony may

---

[75] *Id.*

[76] *Id.*

[77] For example, habeas ground one is the claim that Kelley's clothing was illegally seized; habeas ground three is the claim that Sisson's statement was coerced; habeas ground four is the claim that Kelley was not afforded the opportunity to present a defense. The argument that Crystal Sisson was an inattentive parent who had been in trouble with child welfare officials before, was raised to the trial judge. *See*, ECF # 9, Ex. 4 (state record) at 66-67 (citing transcript).

[78] ECF # 53 at 7.

-18-

have been coerced. As the State further observes, the evidence at trial already established "that Sisson had told inconsistent stories as to how her son was injured."[79]

In the end, as was more extensively discussed in the Report and Recommendation, the state appeals court noted that the trial evidence was that inconsistent stories were present as to what happened to the victim, but the victim's blood and vomit were present on Kelley's clothes, not Sisson's.[80] Further, the jury heard the deputy medical examiner testify that the victim's injuries were inconsistent with a simple fall from the bed (Kelley's version) but were consistent with being thrown to the floor (the prosecution's version).[81]

Therefore, applying the law of actual innocence to the facts presented here, I recommend finding that Kelley has not established his actual innocence such as would excuse the procedural default found by this Court.

## Conclusion

For the foregoing reasons, I recommend denying Kelley's Rule 60(b) motion.

Dated:                                                     s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

---

[79] *Id.* at 6.

[80] ECF # 39 at 5 (citing appeals court).

[81] *Id.* at 6 (citing appeals court).

-19-

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[82]

---

[82] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).