UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM KELLEY, | ) | Case No.: 5:10 CV 731 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH SMITH, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On April 8, 2010, Petitioner William Kelley ("Kelley" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for (1) murder as a proximate result of child endangering; and (2) child endangering. After several motions to amend the Petition, Magistrate Judge Baughman issued a Report and Recommendation, recommending that the Petition be dismissed as procedurally defaulted (ECF No. 39). The court adopted this Report and Recommendation as to all claims on April 30, 2012 (ECF No. 47). Petitioner then filed the instant motion, a "Motion Pursuant to Civil Rule 60 (b)(6)" (the "Rule 60(b) motion"), on February 15, 2013 (ECF No. 52). The motion was again referred to Magistrate Judge Baughman, who issued another Report and Recommendation (the "R&R") on April 9, 2013, recommending that the court deny Kelley's Motion (ECF No. 58). For the following reasons, the court adopts as its own the Magistrate Judge's second Report and Recommendation, and denies Kelley's Motion.

Magistrate Judge Baughman's R&R first confirmed that Petitioner's Rule 60(b) Motion was not in fact a second or successive habeas petition, and therefore the court has jurisdiction to address

this Motion. (R&R at 9, ECF No. 58.) This was not challenged by Respondent. Next, Magistrate Judge Baughman addressed all of Petitioner's arguments in order. First, the Magistrate Judge rejected Petitioner's argument that the court erred in applying the applicable Ohio procedural rule on behalf of the Supreme Court of Ohio in its order dismissing Kelley's habeas corpus petition. (*Id.* at 10-11.) Magistrate Judge Baughman found that the Supreme Court of Ohio was not required to explicitly state that its decision was based on a procedural default arising from Petitioner's failure to present a claim to the state appeals court. (*Id.* at 10.) Next, Magistrate Judge Baughman rejected Petitioner's argument that because he had raised an ineffective assistance of appellate counsel argument to the Ohio Supreme Court, this court had no basis for concluding that the claims not presented to the intermediate appellate court were procedurally defaulted. (*Id.* at 12.) He maintains that any default would have been excused by the ineffective assistance of counsel in not raising the claims on direct appeal. (*Id.*) The Magistrate Judge, citing *Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012), found that Kelley had not exhausted his remedies because he had not filed a claim of ineffective assistance of counsel with the Ohio Court of Appeals under Ohio Appellate Rule 26(B) in order to give an Ohio court an opportunity to rule on the merits of that claim. (*Id.* at 13.) Magistrate Judge Baughman also found that the Ohio Supreme Court did not dismiss Petitioner's appeal on the merits, but rather dismissed it on procedural default grounds because it did not raise any substantial constitutional questions. (*Id.* at 14-15.)

Finally, Magistrate Judge Baughman rejected Petitioner's claim of actual innocence. (*Id.* at 16.) First, the Magistrate Judge noted that most of Petitioner's arguments were restatements of arguments he had previously made in his habeas corpus petition or to the Ohio courts. (*Id.*) Next, Magistrate Judge Baughman found that the "new" evidence arguments put forward by Petitioner

consists mostly of arguments involving the legal sufficiency of the evidence used to convict him. (*Id.* at 16-18.) The Magistrate Judge also noted that all but one of these arguments were known to Petitioner at the time of his trial, and thus did not constitute "new" evidence of innocence. (*Id*. at 18.) In addition, the Magistrate Judge pointed out that many of these arguments were "simply restatements of Kelley's procedurally defaulted federal habeas claims." (*Id.*) As for Petitioner's sole new piece of evidence, an affidavit from Delores Wiggins stating that she overheard Crystal Sisson say that she had been "coached" by detectives for her testimony at Petitioner's trial, Magistrate Judge Baughman found that the statement would be deemed hearsay and therefore would have been inadmissible. (*Id.*) In addition, the Magistrate Judge also found that even if it were admissible, it would not be clear, irrefutable evidence of Petitioner's innocence, but only evidence that Sisson's testimony may have been coerced. (*Id.* at 18-19.) Furthermore, the Magistrate Judge found that this evidence would not have established actual innocence as there were several other bases for Petitioner's conviction. (*Id.* at 19.)

In his Objections to the R&R, Kelley essentially challenges the entirety of the Magistrate Judge's conclusions. (Objections, ECF Nos. 61 and 63.) Kelley first argues that the Ohio Supreme Court was required to make a plain statement that relief was denied for reasons of procedural default, based on the Supreme Court's holding in *Harris v. Reed*, 489 U.S. 255 (1989), and that its failure to do so means those claims were not procedurally defaulted. (Objections at 4, ECF No. 61.) Next, Kelley argues that he presented his claims to the Ohio Supreme Court for "plain error" review, which, under Ohio Rule of Criminal Procedure 52(b), entitled him to review on the merits even though he did not raise the issue on direct appeal. (*Id.* at 9-10.) Kelley then argues that the Magistrate Judge erred in interpreting his ineffective assistance of counsel argument as a claim, as

-3-

he was using it as a "mere example of his appellate counsels [sic] ineffectiveness." (*Id.* at 13.) Kelley also argues that his Rule 60(b) Motion was not premised on "eneffective [sic] asst. [sic] of appellate counsel...but rather the issue of whether petitioners [sic] grounds for relief are ripe for a determination on thier [sic] 'merits' in this habeas court, due to the Ohio Supreme Courts [sic] choice to dispose of petitioners [sic] timely direct appeal in its 'standard one(1) fit-all order' rather than properly considering it under the "plain error standard of review". (*Id.* at 14.) Finally, Kelley contends that the Magistrate Judge erred in finding that his actual innocence claim failed.

The court does not find Petitioner's arguments to be well-taken. Petitioner relies on *Harris* for his argument that this court erred in finding that his claims had been procedurally defaulted even though the Ohio Supreme Court had issued a 'one size fits all' order. However, as Magistrate Judge Baughman notes in his R&R, the *Harris* rule has been drastically expanded upon, and a federal court may "'look through' an unexplained order to the last reasoned state court judgment and presume that the Ohio Supreme Court's unexplained order rests on the same grounds as the reasoned judgment." *Eskridge v. Konteh*, 88 Fed. App'x 831, 837 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 802-04 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1996)). Petitioner's argument that Ohio Rule of Criminal Procedure 52(b) entitles him to review on the merits is also not well-taken. Ohio Rule of Criminal Procedure 52(b) does not bar the Ohio Supreme Court from refusing to hear a claim based on procedural default if the claim of "plain error" was not raised in the intermediate appellate court. Ohio R. Crim. P. 52(b). As for the remainder of Petitioner's arguments, the court finds, after carefully reviewing the Report and Recommendation, Petitioner's Objections, and all other relevant materials in the record that the Magistrate Judge's conclusions are fully supported by

the record and the controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation.  (ECF No. 58.)

Consequently, Kelley's Rule 60(b) Motion (ECF No. 52) is hereby denied, and final judgment is entered in favor of Respondent.  The court grants Petitioner's Motion to Supplement Objections (ECF No. 63).  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 17, 2013